## H. WESTON LUMBER CO. v. DURHAM ET AL.

[69 South. 177.]

TAXATION. *Sale. Time. Statutes. Thereafter.*

Code 1906, section 2933, provides that at tax sales the collector
shall strike off unsold lands to the state and that he shall, on
or before the first Monday of April "thereafter," transmit to
the land commissioner a certified list of such lands. In 1908
the legislature changed the date of tax sales from the first

Monday in March to the first Monday in April, but did not amend section 2933. So that since the courts cannot eliminate the word "thereafter" from section 2933, the statute in plain terms fixes the date for transmitting the list of lands struck off to the state, as the first Monday in April "after" the day of sale,' and where the report of the sale which was held in April was filed before the first Monday of the following April, the sale was valid.

Appeal from the chancery court of Hancock county.

Hon. J. M. Stevens, Chancellor.

Suit by Estelle H. Durham and others against H. Weston Lumber Company. From a decree for complainants, defendants appeal.

The facts are fully stated in the opinion of the court.

*McDonald & Marshall,* for appellant.

*J. G. Napier,* for appellees.

Cook, J., delivered the opinion of the court.

From a decree canceling a state patent to certain lands situated in Jackson county, this appeal is prosecuted. It appears from the pleadings and the agreed statement of facts that complainants below, appellees here, were the owners of the land in controversy, and, failing to pay the taxes due thereon for the year 1909, the same was struck off to the state. The land in question was bought by appellant from the state, and the bill prayed that this deed be canceled as a cloud on appellant's title. The decree of the court was in accordance with the prayer of the bill.

To make the issue here plain, we quote the agreed statement of facts, viz.:

"It is agreed that the tax collector of Hancock county sold the lands in controversy to the state of Mississippi on the 5th day of April, 1910, and that the said sale for taxes was begun on the 4th day of April, being the

first Monday, and continued on the 5th and 6th of April, 1910; and that he made out a certified list, as required by law, of lands sold to the state, which embraced this land, and transmitted it to the land commissioner after the day of sale and was received in said office on Monday, May 2, 1910; that the land was not redeemed within two years; and that, after the two years had expired, the state issued its tax patent attempting to convey said land to E. J. Albritton, and said Albritton sold to the H. Weston Lumber Company.''

Appellant contends the facts demonstrate that the tax sale was made in accordance with law, and the list of the lands struck off to the state was filed with the land commissioner within the time prescribed by section 2933, Code of 1906. On the other hand, appellees claim that the list of lands was not filed with the land commissioner until long after the first Monday of April, 1910, and for this reason the state never obtained title to the land, citing *Howie* v. *Alford,* 100 Miss., 485, 56 So. 797.

In *Howie* v. *Alford,* the court was construing section 4338 of the Code, while in the present case we are called on to construe section 2933. The court held in the Howie Case that section 4338, in plain words, made it imperative that deeds to individuals buying land at a tax sale must be filed on the first Monday of April—the day fixed for the sale. Section 2933 in part reads:

''The collector shall strike off the same to the state, and he shall, on or before the first Monday of April thereafter, transmit to the land commissioner a certified list of the lands struck off by him to the state.''

It seems clear that the tax collector is thus required to transmit to the land commissioner the lands struck off to the state on the first Monday in April following the day of the sale. The language is plain and aptly expresses the intention of the legislature to require the

list of lands struck off to the state to be transmitted to the land commissioner after the day of the sale, and the date when this must be done is fixed as the first Monday of April next succeeding the day of sale.

In 1908 the legislature changed the date of tax sales from the first Monday in March to the first Monday in April. Sections 2933 and 4338, Code of 1906, were left as they were. The omission to amend section 4338 practically nullified all sales made to individuals; and in *Howie* v. *Alford,* supra, this court refused to legislate in order to help a bad situation. This court is not empowered to eliminate the word "thereafter" from section 2933, and, unless this is done, the statute in plain and unambiguous terms fixes the date for transmitting the list of lands struck off to the state as Monday of April after the day of sale. There is no room for construction.

The court below erred in decreeing that the tax patent was void.

*Reversed and remanded.*